UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRACY LEE COLLINS,

        Plaintiff,

vs.

COMMISSIONER OF
SOCAL SECURITY,

        Defendant.

Case No.: 3:14-cv-359

Magistrate Judge Michael J. Newman
(Consent Case)

**DECISION AND ENTRY: (1) DENYING PLAINTIFF'S REQUEST FOR ORAL ARGUMENT; (2) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (3) REMANDING THIS CASE TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (4) TERMINATING THIS CASE ON THE COURT'S DOCKET**

This Social Security disability benefits appeal is presently before the undersigned for disposition based upon the parties' consent. Doc. 16. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court upon Plaintiff's Statement of Specific Errors (doc. 12),[2] the Commissioner's memorandum in opposition (doc. 15), the administrative record (doc. 11),[3] and the record as a whole.

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this decision to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Plaintiff requested oral argument in his Statement of Errors. Doc. 12 at PageID 667. Sixth Amended Magistrate Judges' General Order No. 11 provides that all Social Security disability benefits appeals "will be decided on the memoranda and the administrative record, unless the Court orders oral argument." Oral argument is not necessary, as the issues before the Court have been fully briefed. Accordingly, Plaintiff's motion for oral argument (doc. 12) is **DENIED**.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

# I.

## A. Procedural History

Plaintiff filed for DIB and SSI alleging a disability onset date of November 8, 2009. PageID 245-53.  Plaintiff claims disability as a result of a number of impairments including, *inter alia*, an affective disorder and an anxiety-related disorder.  PageID 72.

After initial denials of his applications, Plaintiff received a hearing before ALJ Christopher L. Dillon on February 19, 2013.  PageID 92-112.  The ALJ issued a written decision thereafter finding Plaintiff not disabled.  PageID 70-84.  Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2012, but not thereafter.

2. The claimant has not engaged in substantial gainful activity since November 8, 2009, the alleged onset date (20 C.F.R. 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: affective disorder, anxiety-related disorder, alcohol abuse disorder in remission, diabetes mellitus, bilateral knee disorder, low back disorder, chronic headaches, hypertension, sleep apnea, and obesity (20 C.F.R. 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. The claimant retains the [residual] functional capacity ["RFC"] for work that involves lifting no more than 20 pounds at a time with frequent lifting and carrying of objects weighing up to 10 pounds; pushing or pulling similar amounts; standing, walking, and sitting for 6 hours each; no climbing of any kind; no more than occasional ability to perform all other postural activity; no exposure to hazards, such as moving machinery and unprotected heights; no more than occasional interaction with supervisors, coworkers, and the public; no more than simple, routine, repetitive tasks performed without production quotas.

6. The claimant is unable to perform any [of his] past relevant work (20 C.F.R. 404.1565 and 416.965).

7. The claimant was born [in] 1969, and was 40 years old, which is defined as a "younger individual age 18-49," on the alleged disability onset date (20 C.F.R. 404.1563 and 416.963).

8. Claimant has at least a high school education and is able to communicate in English (20 C.F.R. 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. 404.1569, 404.1569(a), 416.969, 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 8, 2009, through the date of this decision (20 C.F.R. 404.1520(g) and 416.920(g)).

PageID 72-84.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 54-56. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

B. **Evidence of Record**

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case, to which neither Plaintiff nor the Commissioner object in their respective filings. PageID 73-82; *see* docs. 12, 15. Accordingly, except as otherwise noted, the undersigned incorporates the ALJ's recitation of the evidence.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. §§ 405(g), 1383(c)(3); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

On appeal, Plaintiff argues that his RFC determination -- as it relates to his mental impairments -- is unsupported by substantial evidence. Doc. 12 at PageID 670. A person's RFC is the most that an individual can do despite all physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). An ALJ determines a claimant's RFC "based on all the relevant evidence in [the claimant's] case record," including statements about what the claimant can do "provided by

-5-

medical sources" and "descriptions and observations of [the claimant's] limitations from [his or her] impairment(s), including limitations that result from [the claimant's] symptoms, such as pain, provided by [his or her] family, neighbors, friends, or other persons." 20 C.F.R. § 404.1545(a)(3).

> Social Security Ruling ("SSR") 96–8p provides that the RFC assessment:
>
> > Must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing [the] RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis . . . . The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

1996 WL 374184, at *7 (July 2, 1996). However, an ALJ is not required "to discuss those capacities for which no limitation is alleged," or "decide or discuss uncontested issues." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547-48 (6th Cir. 2002) (internal citation omitted). Rather, "the ALJ need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." *Id*. at 548.

Plaintiff's RFC includes the following mental health-related restrictions: "no more than occasional interaction with supervisors, coworkers, and the public; no more than simple, routine, repetitive tasks performed without production quotas." PageID 75, 108. Plaintiff claims that the RFC fails to account for his: (1) "marked"[4] impairment in maintaining concentration,

---

[4] Whereas "moderate" functional limitations are "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.00(C) *et seq*.

persistence, and pace, as found by the ALJ, PageID 74; and (2) social functioning limitations.[5] Doc. 12 at PageID 671-78. The undersigned finds the RFC determination concerning Plaintiff's ability to maintain concentration, persistence, and pace unsupported by substantial evidence and, therefore, the ALJ's non-disability finding must be reversed.

In finding Plaintiff "markedly" impaired in maintaining concentration, persistence and pace, the ALJ noted that both Plaintiff's treating psychiatrist, Stephanie Fitz, M.D., and record reviewing psychiatrist, David Demuth, M.D., found only "moderate" impairment in this area, but gave "significant benefit of the doubt to the claimant's subjective complaints of concentration difficulties and task performance" -- *i.e.,* his testimony at the administrative hearing. *See* PageID 75, 153, 635. Plaintiff testified that he left his last job due to concentration difficulties. PageID 97 ("I couldn't concentrate on my work. I was having tremendous worrying problems"; "the supervisors specifically [had] a problem with me getting my work done on time and getting it done correctly"). When the ALJ asked "If somebody gave you a desk job, do you think you'd be able to do that?" Plaintiff replied, "I don't think so [because] I don't think I could hold the concentration long enough to . . . focus on what I need to do." PageID 100. Plaintiff further testified that:

> I'm just not able to focus for very long periods of time. My mind just will start wondering usually about what's been bothering me or what's bothering me on that day . . . If [I'm] left alone . . . I can be distracted probably 15 to 30 minutes, maybe somewhere in, you know, that range.

---

[5] Plaintiff argues that the ALJ's conclusion -- that he is capable of "occasional interaction with supervisors, coworkers, and the public," PageID 75 -- is undermined by treatment notes and a February 2012 opinion of his treating psychologist, J. Scott Fraser, Ph.D. Doc. 12 at PageID 674-78; *see* PageID 426. The ALJ, however, gave Dr. Fraser's opinion little weight and, instead, relied on the opinion of treating psychiatrist Stephanie Fitz, M.D. PageID 80-81. Plaintiff does not challenge the ALJ's assessment of weight given to these respective treaters and, therefore, the Court finds no error in this regard. However, because the Court finds remand warranted on other grounds, *see infra*, the ALJ shall reassess Plaintiff's social functioning limitations anew on remand.

PageID 104.  In determining Plaintiff's RFC, the ALJ stated only that "the limitation[] . . . for simple, repetitive tasks with no production quotas adequately account[s] for the claimant's marked impairment in concentration, persistence, and pace[.]"  PageID 80.

The undersigned finds the ALJ's analysis deficient under SSR 96–8p.  The ALJ provided no explanation as to how the evidence in the record supports the limitation to "simple, repetitive tasks with no production quotas."  PageID 80; SSR 96-8p, 1996 WL 374184, at *7; *see Delgado*, 30 F. App'x at 547.  The ALJ explicitly stated that he found Plaintiff markedly impaired in regard to concentration, persistence, and pace based on giving the "benefit of the doubt" to Plaintiff's subjective complaints in this regard.  PageID 75, 80.  However, without any explanation by the ALJ, it is unclear to the undersigned how the RFC accounts for Plaintiff's testimony regarding his limitations -- *i.e.*, the evidence the ALJ purportedly relied on.  The undersigned, therefore, finds the ALJ's RFC determination unsupported by substantial evidence.  *See Evans v. Comm'r of Soc. Sec.*, No. 1:10-cv-779, 2011 WL 6960619, at *14-15 (S.D. Ohio Dec. 5, 2011) (holding that "simply listing some of the . . . evidence contained in the record and setting forth an RFC conclusion without linking such evidence to the functional limitations ultimately imposed in the RFC is insufficient to meet the 'narrative discussion' requirement of SSR 96-8[p]").

Because Plaintiff's RFC included the same limitations set forth in the hypothetical question to the vocational expert ("VE") at the administrative hearing, PageID 75, 108, the Court finds the ALJ further erred by relying on the VE's testimony at Step 5 of the sequential benefits analysis.  *See Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) ("[i]n order for a VE's testimony to constitute substantial evidence that a significant number of jobs exists, the questions must accurately portray a claimant's physical and mental impairments").  Accordingly, the Court finds merit to Plaintiff's assignment of error and reverses the ALJ's non-disability finding.

**IV.**

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to order the award of benefits. Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

In this case, evidence of disability is not overwhelming and factual issues remain -- namely, whether sufficient jobs exist that Plaintiff can perform despite limitations arising from his impairments. On remand, the ALJ shall, accordingly, reconsider Plaintiff's RFC; provide a narrative discussion as to how the evidence supports each conclusion in the RFC; and determine Plaintiff's disability status anew.

**V.**

For the foregoing reasons, (1) the Commissioner's non-disability finding is found unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date: March 28, 2016          *s/ Michael J. Newman*
                              Michael J. Newman
                              United States Magistrate Judge